IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Victor M. Gomez, | Case No. 1:13 CV 1121 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, | |
| Respondent. | |

Pro se Petitioner Victor Gomez filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Grafton Correction Camp, serving an eight-year sentence for drug trafficking with a juvenile specification and a forfeiture specification. He asserts: (1) the trial court denied him due process by failing to advise him of his right to file an appeal; (2) the appellate court's denial of his motion to file delayed appeal was an unreasonable application of clearly established federal law; (3) the appellate court denied him due process by dismissing his motion for delayed appeal without making findings of fact; (4) his trial counsel was ineffective for failing to make a reasonable investigation into his criminal history; and (5) the trial court improperly weighed the recidivism factors in R.C. §§ 2929.12(D) and (E). For the reasons explained below, the Petition is denied and this action is dismissed.

#### BACKGROUND

**State Court Proceedings**

In December 2008, Petitioner pled guilty to charges of drug trafficking with juvenile and forfeiture specifications. Prior to sentencing, the court did not obtain a presentence report because the plea deal specified a mandatory sentence of three to ten years. Instead, the court relied on information from the Law Enforcement Agency Data System ("LEADS"), and the prosecution's recitation of Petitioner's criminal history to determine an appropriate sentence within the range specified by the agreement. Petitioner's attorney did not object to these references to prior crimes or indicate they were erroneous. In January 2009, the trial court sentenced Petitioner to eight years of incarceration and five years of post-release control. Petitioner contends he was not advised at his sentencing hearing of his right to appeal, and therefore did not file one. Instead, Petitioner filed a motion for discovery, a motion to compel discovery, a motion to vacate payment of court costs/fines and restitution, motion for appointment of counsel, and a motion for de novo sentencing with the trial court. The motions were all denied in December 2012.

Nearly four years after he was sentenced, Petitioner filed a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A) in the Ohio Eighth District Court of Appeals. He asserted three assignments of error: (1) the trial court erred in not informing him of his right to appeal pursuant to Ohio Criminal Rule 32(B); (2) his trial counsel was ineffective for failing to make a reasonable investigation into his case and criminal history prior to sentencing; and (3) the trial court improperly weighed recidivism factors in R.C. §§ 2929.12(D) and (E). The court of appeals denied the motion in December 2012.

Petitioner filed an appeal of that denial to the Ohio Supreme Court in January 2013. That appeal was returned to him because he did not attach copies of the judgment entries being appealed.

The Court Clerk notified Petitioner that his corrected appeal was required to be filed on or before February 4, 2013. The Clerk also explained if he missed the deadline, he could file a motion for delayed appeal if he was appealing a felony conviction. He missed the deadline for filing the appeal.

As instructed, Petitioner filed a motion for leave to file a delayed appeal in the Ohio Supreme Court on February 25, 2013. He indicated that he responded to the deficiency notice as quickly as possible but still missed the deadline. He did not explain the grounds for relief he wished to raise in his appeal if granted leave to proceed. The Ohio Supreme Court denied the motion for leave to file a delayed appeal in April 2013.

### FEDERAL HABEAS PROCEEDINGS

Thereafter, Petitioner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He asserts five grounds for relief:

> 1. The court violated appellant's due process rights in failing to provide notice of his right to appeal, his right to appeal without payment, that counsel would be appointed and documents provided at no cost, he had a right to have Notice of Appeal timely filed on his behalf and that he had to appeal within thirty (30) days of his sentence. Fourteenth Amendment, United States Constitution.
>
> 2. The appellate court's denial of leave to file the delayed appeal was an unreasonable application of clearly established federal law and U.S. Supreme Court precedent. *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003).
>
> 3. It was error and a violation of the Fourteenth Amendment right to Due Process for the Court of Appeals to dismiss the motion for leave to file delayed appeal without making a factual determination. *State v. Sims*, 27 Ohio St. 2d 79 (1971).
>
> 4. Trial counsel failed in his duty to make reasonable investigation into Defendant-Appellant's case and criminal history and to explore all avenues leading to facts relevant to the penalty prior to sentencing. This lack of reasonable investigation, in preparation for sentencing constitutes ineffective assistance of counsel.
>
> 5. The trial court improperly weighed recidivism factors in R.C. §§ 2929.12(D) and (E).

(Doc. 1 at 4–5). He asks this Court to order the Ohio Eighth District Court of Appeals to allow him to present evidence demonstrating the inaccuracy of the criminal history used at his sentencing.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted "to reduce delays in the execution of state and federal criminal sentences, and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal quotation marks omitted). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, the state court's determination of facts shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This Court, therefore, may not grant habeas relief on any claim adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d) (1)–(2).

A decision is contrary to clearly established law under Section 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under Section 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### **PROCEDURAL BARRIERS TO HABEAS REVIEW**

Before this Court can review the merits of the Petition, Petitioner must overcome several procedural hurdles. As a general rule, a state prisoner must exhaust all possible state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. §§ 2254(b) and (c). Exhaustion is fulfilled once a state supreme court provides a petitioner a full and fair opportunity to review his claims on the merits. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Fair presentation requires the state courts be given the opportunity to see both the factual and legal basis for each claim. *Id.* Moreover, each claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, and must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). The claim itself cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean Petitioner must recite "chapter and verse" of constitutional law, but he is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims a state court has declined to address because a petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To assess procedural default this Court must determine whether: (1) there is a state procedural rule applicable to a petitioner's claim which petitioner failed to comply; (2) the state courts actually enforced the state procedural sanction; and (3) the state procedural forfeiture is an adequate and

6

independent ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, this Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 537 (1986).

Consequently, a federal court considering a habeas petition under Section 2254 may review only federal claims evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## ANALYSIS

Petitioner did not exhaust state court remedies for any of his claims. His first three claims challenge the Eighth District Court of Appeals' denial of his motion for delayed appeal pursuant to Ohio Appellate Rule 5(A), filed nearly four years after he was convicted and sentenced. He submitted an appeal of this decision to the Ohio Supreme Court but his notice of appeal did not comply with the Supreme Court's rules. He attempted to correct the deficiency, but missed the filing deadline. He filed a motion for leave to file a delayed appeal, but that motion was denied by the Ohio Supreme Court. Petitioner was unable to fairly present these grounds for relief to the Ohio Supreme Court because the appeals were dismissed on procedural grounds.

Similarly, Petitioner attempted to assert his fourth and fifth claims in his delayed direct appeal, but his motion for delayed appeal was denied. His motion for leave to file a delayed appeal in the Ohio Supreme Court was also denied. He was therefore unable to obtain a decision on the merits of these claims.

Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to return to state court to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where, as in this case, return to state court would be futile as no avenue of review remains open, the claims are considered to be procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999); *Harris v. Reed*, 489 U.S. 255, 260–62 (1989).

Federal habeas review therefore is barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. To find "cause" for a procedural default, Petitioner must show some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 484 (1986). Here, he claims he was not advised of his right to appeal at his sentencing, but he does not indicate why he filed his appeal four years into his eight-year sentence. He does not suggest there was an external reason prohibiting him from filing an appeal at an earlier date. Petitioner has not established cause for failing to file a timely appeal.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495–96). Petitioner does not claim he is innocent of the crimes in the underlying

8

conviction. Petitioner gives no indication a fundamental miscarriage of justice occurring as a result of this procedural default.

## CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                                                           s/ *Jack Zouhary*
                                                                                           JACK ZOUHARY
                                                                                           U. S. DISTRICT JUDGE

October 24, 2013